USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLEAR COVE OPPORTUNITIES FUND LLC,

Plaintiff,

-against-

ADDICTION RECOVERY CARE LLC, TIM
ROBINSON, and ANGELICA CAPITAL TRUST

Defendants.

1:26-cv-01083-MKV

OPINION & ORDER
DENYING PRELIMINARY
INJUNCTIVE RELIEF

MARY KAY VYSKOCIL, United States District Judge:

On February 27, 2026, Plaintiff Clear Cove Opportunities Fund LLC ("Clear Cove") moved for a preliminary injunction, and, pending resolution of the preliminary injunction application, a temporary restraining order, against Defendants Addiction Recovery Care LLC ("ARC"), Tim Robinson (with ARC, the "ARC Defendants"), and Angelica Capital Trust ("Angelica") (collectively, the "Defendants"). *See* [ECF No. 14] (the "Proposed Order to Show Cause"); [ECF No. 15] ("Plaintiff's Memorandum" or "Pl. Mem."); [ECF No. 16] (the "Clear Cove Declaration" or "CC Decl."); [ECF Nos. 16-1–6].

Clear Cove served the Defendants with its moving papers. [ECF No. 17]. The Court issued an Order directing Defendants to show cause on or before March 6, 2026, why the relief sought by Plaintiff should not be granted. [ECF No. 21].

Defendants submitted papers in opposition. *See* [ECF No. 18] ("Angelica's Opposition" or "Ang. Opp."); [ECF No. 20] (the "Angelica Declaration" or "Ang. Decl."); [ECF Nos. 20-1–5]; [ECF No. 23] (the "ARC Defendants' Opposition" or "ARC Opp."); [ECF No. 24] (the "ARC Declaration" or "ARC Decl."). Plaintiff's request for injunctive relief is now fully briefed before the Court.

1

## BACKGROUND

The Court assumes familiarity with the facts giving rise to this suit. Nevertheless, because the somewhat circuitous procedural history of this case bears directly on the Court's analysis of the propriety of the relief now sought, the Court briefly recounts that history and those facts which are necessary to a full understanding.[1]

Clear Cove entered into a contractual arrangement with ARC whereby ARC sold to Clear Cove certain tax refunds owed to ARC (the "ERCs"). CC Decl. ¶¶ 4, 11. Clear Cove asserts that ARC has received the ERCs, in the form of tax refund checks (the "ERC Funds"), CC Decl. ¶ 14, and it is undisputed that ARC has not transmitted the ERC Funds to Clear Cove. CC Decl. ¶ 15.

In a separate, but closely related, litigation between Angelica and ARC, *see Angelica Capital Trust v. Addiction Recovery Care LLC, et al.* ("*Angelica*"), No 26-CV-241 (S.D.N.Y. Jan. 12, 2026), Angelica asserts that it is entitled, by its own agreements with ARC, to the same ERC Funds. *Angelica*, [ECF No. 1] ¶ 18.[2] More specifically, Angelica commenced an arbitration against ARC seeking to recover, *inter alia*, the ERC Funds (the "Arbitration"), *Angelica*, [ECF No. 13-8], and then sought in *Angelica* preliminary injunctive relief restraining ARC from transferring or otherwise dissipating those or other assets pending the outcome of the Arbitration. *Angelica*, [ECF No. 1].

On the basis that ARC is "on the brink of insolvency," the *Angelica* Court granted the "preliminary injunction in aid of arbitration." *Angelica*, [ECF No. 64] (the "*Angelica* Injunction")

---

[1] "A hearing is not required for a preliminary injunction when[,]" as here, "the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case, or when the disputed facts are amenable to complete resolution on a paper record." *St. Joseph's Hosp. Health Ctr. v. American Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 108 (2d Cir. 2025) (quotation omitted).

[2] Rather than providing this Court with evidentiary support of its claim of entitlement to the ERC Funds, Angelica cites instances on the *Angelica* docket where it has apparently done so. *See* Ang. Opp. at 2–3. Regardless of any issues pertaining to the scope of appropriate judicial notice, the Court at this stage need only observe that the dispute between Clear Cove and Angelica concerns which of them is entitled to the ERC Funds. *See* [ECF No. 12] (the "Amended Complaint" or "Am. Compl.") ¶¶ 91–100 (seeking declaratory relief against Angelica).

at 2. The *Angelica* Injunction prohibits ARC from "transfer[ring], caus[ing] to be transferred, or tak[ing] any action to transfer [a sum of] $4,706,872.75 [(the 'Restrained Funds')] out of [a] segregated bank account during the pendency of [the *Angelica*] action without further order of [the *Angelica*] Court." *Id.* at 3.

Before filing this case, Clear Cove moved to intervene in *Angelica*. *Angelica*, [ECF No. 74]. That motion was denied, but, in acknowledgment of the fact that "Clear Cove has alleged an interest in the Restrained Funds," the *Angelica* Court specifically ordered Angelica and ARC "to promptly inform Clear Cove if the parties reach a settlement or obtain an arbitration award that would result in the distribution of the Restrained Funds." *Angelica*, [ECF No. 113] at 3–4.

Thereafter, Clear Cove initiated this action by filing a complaint against ARC. [ECF No. 1]. Clear Cove sought to have the case related to *Angelica*, [ECF No. 8], but the *Angelica* Court declined it as unrelated, after which it was re-assigned to me. Clear Cove then filed the Amended Complaint, which adds Angelica as a declaratory judgment defendant, [ECF No. 12], and on the same day sought the injunctive relief now under consideration.

## **STANDARD**

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases). "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 79 (2d Cir. 2024) (quotations omitted). To do so, the "party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary

injunction is in the public interest." *N. American Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). "The irreparable harm requirement is the single most important prerequisite for the issuance of a preliminary injunction and must therefore be satisfied before the other requirements for an injunction can be considered." *St. Joseph's*, 131 F.4th at 106 (quotation omitted).

## ANALYSIS

Because the "threat of irreparable injury is a *sine qua non*," *Naden v. Numerex Corp.*, 593 F. Supp. 2d 675, 680 (S.D.N.Y. 2009) (citing *Buffalo Forge Co. v. Ampco–Pittsburgh Corp.*, 638 F.2d 568, 569 (2d Cir.1981)), and Clear Cove "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered," *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007), the Court's analysis begins with the likelihood of irreparable harm. The Court's analysis also ends there, because Clear Cove has not come close to showing that it faces "any actual and imminent harm that could not be remedied by an award of monetary damages." *St Joseph's*, 131 F.4th at 108 (quotation omitted).

As Clear Cove quite candidly asserts, the preliminary injunction application it puts before this Court is "virtually identical" to the one already granted in *Angelica*. Pl. Mem. at 7. Clear Cove is right to note that, while "the likelihood of [purely monetary] injury usually does not constitute irreparable harm," this general rule gives way in "situations involving obligations owed by insolvents." *Id.* at 8 (quoting *Brenntag Int'l Chems, Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999)).[3]

---

[3] Clear Cove also argues that "the irreparable harm to Clear Cove is even more acute . . . [because] the ERC refunds . . . would not even be property of the bankruptcy estate" to the extent that Clear Cove acquired them "in the course of a true sale transaction." Pl. Mem. at 8.

This just means, however, that the *Angelica* Injunction was proper.  Clear Cove provides no support for the further proposition that, if the Restrained Funds are not restrained ***again*** by this Court in an injunction "virtually identical" to the one that is already in force, Clear Cove will somehow face an imminent threat of irreparable injury.  Citing no authority, Clear Cove baldly asserts that "[t]here is a real and substantial risk (a) that ARC will try to resolve its dispute with Angelica by transferring to Angelica the Restrained Funds, including Clear Cove's Transferred Interests or (b) that Angelica will obtain an arbitral award against ARC before Clear Cove can obtain a judgment against it in the current action."  Pl. Mem. at 7.

That proposition does not make sense.  First of all, the Restrained Funds are, by definition, restrained.  ARC cannot transfer them to Angelica—or to anyone else—absent further order of the *Angelica* Court.  *Angelica*, [ECF No. 64] at 3.  And, before doing so, whether as a result of arbitration or settlement, it must notify Clear Cove.  *Angelica*, [ECF No. 113] at 4; ARC Decl. ¶ 14 ("To the extent that settlement discussions or the arbitration proceedings reach a point that would result in the distribution of the funds being held in escrow, ARC will abide by its court-ordered obligations and promptly inform Clear Cove of that fact.").

More fundamentally, neither prospect appears on a horizon of imminence even remotely visible to this Court.  *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) ("[I]rreparable harm must be shown to be actual and imminent, not remote or speculative.").  While the Arbitration is purportedly "being conducted on an expedited basis," "an arbitrator has not yet been selected to oversee the Arbitration, and a merits hearing has not yet been scheduled."  Ang. Decl. ¶ 7; *see also* ARC Decl. ¶ 13 ("The parties have not yet selected an arbitrator . . . .") .  Nor are "Angelica and ARC . . . currently engaged in . . . settlement discussions."  Ang. Decl. ¶ 8; *see also* ARC Decl. ¶ 13 ("There are no currently active settlement discussions between ARC and Angelica.").

Finally, even if ARC and Angelica reached, by arbitration or by settlement, a resolution concerning Angelica's entitlement to the ERC Funds, and even if, in defiance of the Orders issued by the *Angelica* Court, ARC were to transfer those Funds to Angelica without further judicial process or notice to Clear Cove, and even if Clear Cove were to fail to timely renew its motion for an injunction before this Court—a sequence of events so speculative that merely writing it out forecloses the relief now sought—Clear Cove presumably could still sue Angelica for damages. *See* Ang. Opp. at 16 ("[A]s concerns Angelica, the issues between Angelica and Clear Cove simply relate to a fixed sum of money." (emphasis omitted, citing *In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir.1985) ("[A]s a general rule . . . a party may not obtain injunctive relief where it is claiming a loss that can be adequately remedied by an award of money damages."))).

## CONCLUSION

For the foregoing reasons, Clear Cove's application for preliminary injunctive relief is DENIED without prejudice to renewal.

**SO ORDERED:**

**DATED: March 7, 2026**
      **New York, New York**

**Mary Kay Vyskocil**
**United States District Judge**