USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLEAR COVE OPPORTUNITIES FUND LLC,

Plaintiff,

-against-

ADDICTION RECOVERY CARE LLC, TIM ROBINSON, and ANGELICA CAPITAL TRUST

Defendants.

1:26-cv-01083-MKV

ORDER DENYING MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT

MARY KAY VYSKOCIL, United States District Judge:

The Court is now in receipt of a motion by Plaintiff Clear Cove Opportunities Fund I LLC (“Clear Cove”) for entry of a partial final judgment under Federal Rule of Civil Procedure 54(b). [ECF Nos. 60–63]. The proposed judgment is stipulated between Clear Cove and Defendants Addiction Recovery Care LLC (“ARC”) and Tim Robinson (together with ARC, the “ARC Defendants”). [ECF No. 62-1] (the “Proposed Stipulated Judgment”). Angelica Capital Trust (“Angelica”) has opposed entry of the Proposed Stipulated Judgment. [ECF No. 67]. For the following reasons, Clear Cove’s motion is DENIED.

Initially, Clear Cove simply filed a stipulated proposed judgment on the docket without a motion or application to the Court for relief in advance of a scheduled status conference. [ECF No. 54]. As the Court noted at that conference, which was held on July 29, 2026, the Proposed Stipulated Judgment is defective in several material respects. While the Court appreciates that Clear Cove and the ARC Defendants have revised the Proposed Stipulated Judgment, *compare id. with* [ECF No. 62-1], the most fundamental defects remain.

Entry of the Proposed Stipulated Judgment would risk inconsistency with the proceedings in an earlier-filed case before the Honorable George B. Daniels. *See Angelica Capital Trust v. Addiction Recovery Care LLC, et al.*, No. 2:26-cv-00241-GBD (S.D.N.Y.) (“*Angelica*”). Both this

action and *Angelica* concern the funds that are the centerpiece of the Stipulated Judgment. *See* [ECF No. 29]. Clear Cove, having declined to appeal Judge Daniels' denial of intervention in *Angelica*, *see Angelica*, [ECF No. 113], may not use this action as an end-run around that one. Indeed, these same considerations would counsel against the Court's issuance of a declaratory judgment—the only relief sought against Angelica, *see* [ECF No. 12] at Demand for Relief ¶ 2—in this case. To the extent that Clear Cove and the ARC Defendants have reached a contractual settlement, Clear Cove will remain free to enforce those rights against the ARC Defendants in a separate proceeding. The Court will not lend its imprimatur to that agreement here.

The law is clear that the Court "***may*** direct entry of a final judgment as to one or more, but fewer than all, claims or parties ***only if*** the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). The court need not enter such a judgment in any event. *See RLI Ins. Co. v. Pro-Metal Constr. Inc.*, 18-cv-2762, 2019 WL 1368851, at *5 (S.D.N.Y. Mar. 26, 2019) ("Rule 54(b) orders 'should not be entered routinely or as a courtesy or accommodation to counsel,' but rather only 'as an instrument for the improved administration of justice.'" (quoting *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968))). Indeed, the Court should do so only "sparingly in light of the historic federal policy against piecemeal appeals." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (citations and quotations omitted).

Here, and in light of the pendency of *Angelica*, "closely related issues remain to be litigated against the undismissed defendants," rendering entry of the Proposed Stipulated Judgment ill-conceived. *Id.* at 1025. The Court is advised that Angelica has moved to confirm an arbitration award in its favor with regard to the very funds at issue in this case, the dispersal of which Judge Daniels has previously enjoined. *See Angelica*, [ECF Nos. 126–29]. Clear Cove has apparently

renewed its motion to intervene in that case. *Id.*, [ECF Nos. 131–33]. Entry of Clear Cove's Proposed Stipulated Judgment in this case would have the clear potential to create inconsistent adjudications, thus interfering with, rather than facilitating, judicial efficiency.

Nor is there a "danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997). Clear Cove is in no way prejudiced by the Court declining to endorse what appears to be a tactical race to judgment, particularly because Clear Cove may independently enforce the terms of any agreement with the ARC Defendants either way. Because Clear Cove has failed "to show not only that the issues are sufficiently separable to avoid judicial inefficiency but also that the equities favor entry of such a judgment," *Novick v. AXA Network, LLC*, 642 F.3d 304, 314 (2d Cir. 2011), the request for entry of a partial final judgment is DENIED.

The Clerk of Court is respectfully requested to terminate docket entry number 60.

**The Parties are on notice that failure to comply with Court Orders, the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, this Court's Individual Rules of Practice in Civil Cases, the Parties' discovery obligations, or any applicable rules of ethics may result in sanctions, including: monetary penalties on counsel and the parties; preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal or default judgment.**

**SO ORDERED:**

**DATED: August 18, 2026**
**New York, New York**

Mary Kay Vyskocil

**Mary Kay Vyskocil**
**United States District Judge**