**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLEAR COVE OPPORTUNITIES FUND I LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADDICTION RECOVERY CARE LLC, TIM ROBINSON, and ANGELICA CAPITAL TRUST,<br><br>Defendants. | No. 1:26-cv-01083-GBD |

**PLAINTIFF CLEAR COVE OPPORTUNITIES FUND I LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF PRIOR ORDER PURSUANT TO FED. R. CIV. P. 54(b)**

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT .......... 1

II. FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY .......... 1

III. ARGUMENT .......... 3

A. Reconsideration Under Rule 54(b) Is Warranted Following Reassignment of This Action and Its Designation as Related to the Angelica Action .......... 3

B. The Court Should Enter Judgment Under Rule 54(b) .......... 3

1. The Stipulated Judgment Would Dispose of All Claims Against ARC and Robinson .. 4

2. The Stipulated Judgment Would Facilitate Judicial Efficiency .......... 5

3. The Equities Support Entering the Stipulated Judgment .......... 6

IV. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
106 F.3d 11 (2d Cir. 1997)....................5, 6

*Angelica Capital Trust v. Addiction Recovery Care LLC, et al.*,
No. 2:26-cv-00241 ....................1, 2, 3, 5

*Atkinson v. Singh*,
No. 19-CV-3779, 2022 WL 1204559 (S.D.N.Y. Apr. 22, 2022) ....................4, 5

*Capital Distribution Servs., Ltd. v. Ducor Exp. Airlines*,
Inc., 462 F. Supp. 2d 354, 358-59 (E.D.N.Y. 2006)....................6

*Chen-Oster v. Goldman, Sachs & Co.*,
No. 10 Civ. 6950, 2022 WL 3586460 (S.D.N.Y. Aug. 22, 2022) ....................3

*Cromer Fin. Ltd. v. Berger*,
No. 00-CV-2284, 2002 WL 31388721 (S.D.N.Y. Oct. 23, 2002)....................7

*Gesualdi v. Advanced Ready Mix Corp.*,
17-CV-7455, 2022 WL 2803256 (E.D.N.Y. July 18, 2022)....................6

*Ginett v. Computer Task Grp., Inc.*,
962 F.2d 1085 (2d Cir. 1992)....................6

*Grand River Enterprises Six Nations, Ltd. v. Pryor*,
425 F.3d 158 (2d Cir. 2005)....................3

*Mason Tenders Dist. Council Welfare Fund v. Spray Force Sys. Inc.*,
No. 17-CV-52, 2018 WL 3407701 (S.D.N.Y. June 25, 2018) ....................4, 7

*Pearson Educ., Inc. v. Heliosbooks, Inc.*,
17-CV-203, 2022 WL 970454 (S.D.N.Y. Mar. 31, 2022)....................6

*Phillips v. Fashion Institute of Technology*,
No. 20-CV-0221, 2024 WL 5508231 (S.D.N.Y. Aug. 30, 2024)....................4

*In re: Platinum & Palladium Commodities Litig.*,
No. 10-CV-3617, 2015 WL 10853179 (S.D.N.Y. Feb. 27, 2015)....................7

*RLI Ins. Co. v. Pro-Metal Constr. Inc.*,
No. 18-CV-2762, 2019 WL 1368851 (S.D.N.Y. Mar. 26, 2019)....................6

*Rossy v. Buffalo*,
No. 17-CV-0937, 2026 WL 1724633 (W.D.N.Y. June 15, 2026)............................................3

*Sec. & Exch. Comm'n v. Hurgin*,
No. 19-CV-05705, 2023 WL 3061244 (S.D.N.Y. Apr. 24, 2023) .......................................4, 7

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995)...........................................................................................3

*Sprint Commc'ns Co. L.P. v. Jasco Trading, Inc.*,
No. 12-CV-5048, 2014 WL 12834553 (E.D.N.Y. Mar. 31, 2014)...........................................7

*United States v. Lax*,
No. 18-CV-04061, 2023 WL 6446928 (E.D.N.Y. Sept. 13, 2023) ......................................4, 7

**Other Authorities**

Fed. R. Civ. P. 54(b) ................................................................................................ *passim*

Plaintiff Clear Cove Opportunities Fund I LLC ("Clear Cove"), by its attorneys Vedder Price P.C., submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 54(b), for reconsideration of the Court's August 18, 2026 Order denying Clear Cove's motion for entry of partial final judgment (ECF No. 68; the "August 18, 2026 Order"). The Court's stated basis for denying that motion has been rendered moot by subsequent procedural developments.

## I. PRELIMINARY STATEMENT

Clear Cove and defendants Addiction Recovery Care LLC ("ARC") and Tim Robinson ("Robinson") negotiated a proposed stipulated judgment resolving all claims between them (ECF No. 62-1; the "Stipulated Judgment"). Before this case was reassigned, the Honorable Mary Kay Vyskocil declined to enter the Stipulated Judgment under Fed. R. Civ. P. 54(b), citing the risk of inconsistent rulings in the related action pending before Your Honor, *Angelica Capital Trust v. Addiction Recovery Care LLC, et al.*, No. 2:26-cv-00241 (the "Angelica Action"). Two days later, this case was reassigned to Your Honor and designated as related to the Angelica Action. Because both actions are now before the same Court, the concern identified in the August 18, 2026 Order no longer exists.

Entry of the Stipulated Judgment is now appropriate because it would finally resolve Clear Cove's claims against ARC and Robinson, substantially narrow this action, pose virtually no risk of piecemeal appeals, and serve the equities.

## II. FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY

On February 9, 2026, Clear Cove initiated this action against ARC and Robinson, asserting breach-of-contract claims against each defendant (or, in the alternative, unjust enrichment) arising from the True Sale Risk Participation of ERC Claim Agreement dated July 18, 2025, between Clear Cove and ARC (the "Participation Agreement") and the related Payment and Performance Guaranty executed by Robinson in favor of Clear Cove. (ECF No. 1.) On February 27, 2026, after

being denied leave to intervene in the Angelica Action, Clear Cove amended its complaint to add a declaratory judgment claim against Angelica Capital Trust ("Angelica") concerning the relative priority of Clear Cove's and Angelica's interests in the assets sold to Clear Cove by ARC under the Participation Agreement. (ECF No. 12.)

On July 30, 2026, Clear Cove moved for entry of the Stipulated Judgment as a partial final judgment under Rule 54(b) (the "Motion"). (ECF No. 60; ECF No. 62-1.) Under the Stipulated Judgment: (1) judgment would be entered in favor of Clear Cove and against ARC and Robinson on Clear Cove's breach-of-contract claims; (2) the unjust enrichment claims against those defendants would be dismissed with prejudice; and (3) Clear Cove would be awarded $3,940,470.02 in damages. (ECF No. 62-1.) Angelica was not a party to the Stipulated Judgment, which does not address or resolve Clear Cove's claim against Angelica. (*Id.*) Neither ARC nor Robinson opposed the Motion.

On August 13, 2026, Angelica filed an opposition to Clear Cove's Motion. (ECF No. 67.) Before Clear Cove could file a reply in further support of its Motion, Judge Vyskocil issued the August 18, 2026 Order denying that Motion. (ECF No. 68.) Judge Vyskocil's stated basis for the denial was that "Entry of the Proposed Stipulated Judgment would risk inconsistency with the proceedings in an earlier-filed case before the Honorable George B. Daniels" and "Entry of Clear Cove's Proposed Stipulated Judgment in this case would have the clear potential to create inconsistent adjudications, thus interfering with, rather than facilitating, judicial efficiency." (*Id.* at 1, 3.)

On August 20, 2026, this matter was reassigned to Your Honor and designated as "related" to the Angelica Action. Clear Cove now seeks reconsideration of the August 18, 2026 Order because reassignment eliminated the sole risk (of inconsistency) identified in that Order.

## III. ARGUMENT

### A. Reconsideration Under Rule 54(b) Is Warranted Following Reassignment of This Action and Its Designation as Related to the Angelica Action

Under Rule 54(b), the Court possesses an "inherent power to reconsider any of its decisions prior to the entry of a final judgment adjudicating all claims at issue." *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2022 WL 3586460, at *2 (S.D.N.Y. Aug. 22, 2022).[1] Reconsideration is warranted where "the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* That is, reconsideration is appropriate where the "moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Here, reconsideration is warranted due to the reassignment of this case to Your Honor from Judge Vyskocil. The critical procedural impediment identified in the August 18, 2026 Order was the risk of inconsistent rulings between this action and the Angelica Action. (ECF No. 68 at 1, 3.) Reassignment of this case to Your Honor mooted that risk and therefore could "reasonably be expected to alter the conclusion" reached in the August 18, 2026 order. *See Shrader*, 70 F.3d at 257.

### B. The Court Should Enter Judgment Under Rule 54(b)

Entry of a partial final judgment under Rule 54(b) is appropriate when at least one claim, or the rights and liabilities of at least one party, has been finally determined and "there is no just reason for delay." *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005) (quoting Fed. R. Civ. P. 54(b)). In determining whether there is a just reason for

[1] Rule 54(b) governs this Motion because it seeks reconsideration of an interlocutory order. *See Rossy v. Buffalo*, No. 17-CV-0937, 2026 WL 1724633, at *2 (W.D.N.Y. June 15, 2026).

delay, courts consider "judicial administrative interests as well as the equities involved." *Atkinson v. Singh*, No. 19-CV-3779, 2022 WL 1204559, at *1 (S.D.N.Y. Apr. 22, 2022). Courts regularly enter judgment where this standard is met—including in the context of stipulated judgments. *See, e.g.*, *United States v. Lax*, No. 18-CV-04061, 2023 WL 6446928, at *1 (E.D.N.Y. Sept. 13, 2023); (granting Rule 54(b) certification for a stipulated judgment because "[t]he liability or not of additional defendants has no bearing on the financial liability of Defendant [] under this judgment"); *Sec. & Exch. Comm'n v. Hurgin*, No. 19-CV-05705, 2023 WL 3061244, at *3 (S.D.N.Y. Apr. 24, 2023) (entering consent judgment pursuant to Rule 54(b) because there was "no just reason for delay"); *Mason Tenders Dist. Council Welfare Fund v. Spray Force Sys. Inc.*, No. 17-CV-52, 2018 WL 3407701, at *2-4 (S.D.N.Y. June 25, 2018) (granting Rule 54(b) certification of a stipulated judgment against a defendant). Each element is present here.

### 1. <u>The Stipulated Judgment Would Dispose of All Claims Against ARC and Robinson</u>

A party's rights are "finally determined" by a decision that "ends the litigation of that claim on the merits and leaves nothing for the court to do but execute the judgment." *Phillips v. Fashion Institute of Technology*, No. 20-CV-0221, 2024 WL 5508231, at *1 (S.D.N.Y. Aug. 30, 2024). Clear Cove asserted four causes of action: (1) breach of contract against ARC; (2) breach of contract against Robinson; (3) unjust enrichment against ARC and Robinson; and (4) declaratory judgment against Angelica. (ECF No. 12, at 11-13.) The Stipulated Judgment would enter judgment for Clear Cove on the breach-of-contract claims against ARC and Robinson and dismiss the unjust-enrichment claim with prejudice. It therefore would resolve all questions of liability as to ARC and Robinson, leaving the Court "nothing . . . to do but execute the judgment" as to those defendants. *Phillips*, 2024 WL 5508231, at *1.

2. **<u>The Stipulated Judgment Would Facilitate Judicial Efficiency</u>**

The August 18, 2026 Order found that the entry of the Stipulated Judgment risked "interfering with, rather than facilitating, judicial efficiency" because of its "potential to create inconsistent adjudications" with the Angelica Action already before Your Honor. (ECF No. 68 at 1, 3.) Reassignment of this action has mooted that concern, as Your Honor now presides over both this action and the formally related Angelica Action.

With the risk of inconsistency eliminated, entry of the Stipulated Judgment would conserve the Court's and the parties' resources by reducing this case to one claim against a single defendant. It would moot ARC and Robinson's pending motion to dismiss (ECF No. 45), narrow discovery, eliminate further dispositive motion practice involving ARC and Robinson, and simplify any eventual trial.

There is virtually no risk that the Stipulated Judgment would result in piecemeal appeals by ARC or Robinson. The only remaining issue would be the priority of Clear Cove's interest in the subject assets relative to Angelica's. Clear Cove's declaratory judgment claim against Angelica is distinct from its breach-of-contract and alternative unjust enrichment claims against ARC and Robinson, just as Angelica's contract claims against ARC and Robinson are distinct from the priority dispute between Angelica and Clear Cove. *See Atkinson v. Singh*, 2022 WL 1204559, at *2-3 (claims were not "closely related" where the merits analysis would "not touch on merits issues relevant to any other" claims).

Angelica previously cited several cases in its opposition to Clear Cove's Motion that actually support Clear Cove's position. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) ("no just reason for delay" where "a plaintiff might be prejudiced by a delay in recovering a monetary award"); *id.* at 17 (issues presented on appeal were "entirely unrelated to the merits of the claims . . . to be tried," and "nothing that [would] be aired at trial [of

the remaining claims would] be expected to shed light" on issues presented on appeal); *RLI Ins. Co. v. Pro-Metal Constr. Inc.*, No. 18-CV-2762, 2019 WL 1368851, at *5 (S.D.N.Y. Mar. 26, 2019) (entering partial judgment following summary judgment in favor of plaintiff on claim for specific performance of collateral deposit payment, notwithstanding pending indemnification claim); *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1097 (2d Cir. 1992) (affirming grant of Rule 54(b) motion where claims involved separate issues that could be decided independently of each other). Accordingly, the resolution of all of Clear Cove's claims against ARC and Robinson would not have an impact on the claim Clear Cove asserts against Angelica.[2]

**3. <u>The Equities Support Entering the Stipulated Judgment</u>**

The equitable inquiry under Rule 54(b) is case-specific and turns on whether immediate judgment would advance efficient resolution without unfair prejudice. *See*, *e.g.*, *Advanced Magnetics*, 106 F.3d at 17 (finding the equities supported entering partial judgment because, to the extent that judgment would be reversed on appeal, it would be more efficient to try the issues of the case together rather than piecemeal); *Pearson Educ., Inc. v. Heliosbooks, Inc.*, 17-CV-203, 2022 WL 970454, at *3 (S.D.N.Y. Mar. 31, 2022) (finding the equities supported entering partial judgment where liability and damages had already been determined and no party challenged liability or damages); *Capital Distribution Servs., Ltd. v. Ducor Exp. Airlines, Inc.*, 462 F. Supp. 2d 354, 358-59 (E.D.N.Y. 2006) (finding the equities supported entering partial judgment where the defendant had allegedly taken steps to dissipate and conceal his assets); *Gesualdi v. Advanced Ready Mix Corp.*, 17-CV-7455, 2022 WL 2803256, at *4 (E.D.N.Y. July 18, 2022) (finding the equities supported entering partial judgment because the respondent had already failed to pay

[2] To the extent Angelica may argue that removing ARC and Robinson from the matter would prejudice Angelica's ability to seek information from them relevant to Angelica's defenses against Clear Cove's claim, Angelica can certainly still seek third-party discovery from ARC and Robinson after entry of the Stipulated Judgment.

overdue funds or damages). In the instant case, entering the Stipulated Judgment would streamline the remaining proceedings and conserve judicial resources without prejudicing any party, including Angelica.

The only counterargument any party has ever offered is Angelica's prior assertion that the Stipulated Judgment reflects an improper "rush to settlement." (*See* ECF No. 67 at 8.) That argument lacks legal and factual support. Angelica has never offered any authority suggesting that settlement is inequitable merely because two creditors assert competing interests in the same assets—particularly where Clear Cove's rights indisputably arose first.

To the contrary, stipulated judgments are a proper means of resolving cases—in whole or in part. *See, e.g.*, *Lax*, 2023 WL 6446928, at *1; *Hurgin*, 2023 WL 3061244, at *1; *Mason Tenders*, 2018 WL 3407701, at *2-4; *In re: Platinum & Palladium Commodities Litig.*, No. 10-CV-3617, 2015 WL 10853179, at *6 (S.D.N.Y. Feb. 27, 2015) (granting Rule 54(b) motion in connection with stipulation and settlement agreement as to certain class members); *Sprint Commc'ns Co. L.P. v. Jasco Trading, Inc.*, No. 12-CV-5048, 2014 WL 12834553, at *2 (E.D.N.Y. Mar. 31, 2014) ("although the issue resolved by the Stipulation is not a separate and distinct action from the issue still pending before the Court between Plaintiffs and the YRB Defendants, the Second Circuit will not have to decide the same issue more than once since the Jasco Defendants have agreed as part of the Stipulation that they will not seek to appeal any judgment entered pursuant to the Stipulation," and "the Jasco Defendants consent to the entry of a Rule 54(b) judgment"); *Cromer Fin. Ltd. v. Berger*, No. 00-CV-2284, 2002 WL 31388721, at *1-2 (S.D.N.Y. Oct. 23, 2002) ("There is no reason to delay entering a partial judgment at this juncture; indeed, failing to do so could frustrate the goals of the negotiated settlement.").

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Clear Cove respectfully requests that the Court reconsider the August 18, 2026 Order and enter the Stipulated Judgment as to defendants ARC and Robinson, pursuant to Fed. R. Civ. P. 54(b).

Dated: New York, New York
September 2, 2026

Respectfully submitted,

VEDDER PRICE P.C.

By: */s/ Daniel C. Green*

Mitchell D. Cohen
mcohen@vedder.com
Daniel C. Green
dgreen@vedder.com
1633 Broadway, 31st Floor
New York, New York 10019
T: +1 212 407 7700
F: +1 212 407 7799